IN THE SAINT LOUIS COUNTY CIRCUIT COURT
21ST Judicial Circuit of Missouri

| | |
|---|---|
| MINOR JOHN DOE<br><br>by<br><br>J.H. as next friend<br><br>    Plaintiff,<br><br>v.<br><br>ST. LOUIS COUNTY, MISSOURI<br>Serve: Steve Stenger<br>    41 South Central Avenue<br>    9th Floor<br>    Clayton, MO. 63105<br><br>STEVE STENGER County Executive<br>Serve: 41 South Central Avenue<br>    9th Floor<br>    Clayton, MO. 63105<br><br>CHIEF OF POLICE JON BELMAR<br>Serve: 7900 Forsyth Blvd.<br>    Clayton, MO. 63105<br><br>BOY SCOUTS OF AMERICA<br>Serve:  Mike Bridgins<br>    By Certified Mail<br>    223 West Second Street<br>    O'Fallon, MO. 63366<br>AND<br><br>ERIC R. PARKS<br>Serve:  491 England Drive<br>Festus, MO. 63028<br><br>    Defendants. | Case No.:<br><br>Court No.: |

## PLAINTIFFS' COMPLAINT

COMES NOW Plaintiff Next Friend and Minor John Doe and complains Steve Stenger, Chief Jon Belmar, Boy Scouts of America, and Eric R. Parks referred to hereinafter as Defendants, and for causes states as follows:

### Parties

1. Plaintiff John Doe is a minor and at a one time Plaintiff aspired to have a career in law enforcement.

2. Next Friend is John Doe's parent.

3. Plaintiff and Next Friend are residents of St. Louis County, Missouri.

4. Defendant St. Louis County, Missouri is a corporate body and political subdivision.

5. Defendant Steve Stenger is the St. Louis County Executive and is sued in his capacity as such.

6. Chief Jon Belmar is the Chief of Police for St. Louis County Police Department.

7. Boy Scouts of America is a Texas non-profit corporation is a scouting organization in the United States and co-coordinator of the Police Explorers Program.

8. Boy Scouts of America are registered to do business in Missouri and are in good standing.

9. Eric R. Parks (Parks) is a former St. Louis County Explorer that held himself out as a St. Louis County Detective.

10. Parks has been charged with attempted promotion of a sexual performance by a child, furnishing pornographic material or attempt to furnish to a minor, and sexual misconduct as a result of his interactions with Minor John Doe.

## II. **FACTS AND BACKGROUND**

**A.     Introduction**

11.    Paragraphs 1-10 are inserted herein as if fully asserted here.

12.    This case is another example of the importance of protecting children, doing thorough background searches, and supervising employees that work with minors.

13.    Parks was a St. Louis County Explorer a program that exposes boys and girls to various careers.

14.    Parks appeared on the campus of John Doe's High School working a booth on behalf of the Explorers program on or about March 1, 2019.

15.    John Doe has dreamed of being a Federal Investigator since his early child years.

16.    Park appeared to take interest in John Doe's dream and they exchanged cell phone numbers.

17.    Mr. Park held himself out as a Detective from St. Louis County Police Department.

18.    Park began contacting John Doe before the end of the day on March 1, 2019.

19.    Park's text messages quickly progressed from his intent to mentor John Doe to unsolicited sexually explicit text messages and photos.

20.    Mr. Parks pressured John Doe to send pictures of his naked genitals via text messages.

21.    When John Doe refused to share intimate pictures Parks stalked John Doe to do so.

22.    Parks sent pornographic images through snap chat.

23.    Parks asked John Doe to "jack off" with him on snap chat. (Snap chat is a social media platform that shows images for a very short period of time before they are erased).

24.    Parks assured John Doe that by "jacking off" together the two were not engaged in gay activities.

25. John Doe soon afterwards contacted the St. Louis County Police Department.

## COUNT I ASSAULT
## (Mr. PARKS)

26. Paragraphs 1-25 are hereby incorporated as if fully asserted here.

27. Parks engaged in reckless conduct that created a substantial risk of physical injury to Minor John Doe.

28. Parks dissemination of naked images and pornographic text messages placed Minor John doe in imminent harms way.

29. Parks dissemination of said images caused substantial emotional distress and fear.

WHEREFORE, Plaintiff prays this Court for a verdict in excess of $25,000.00, Attorney fees, Cost and whatever else this Court deems just and appropriate.

## COUNT II: VICARIOUS LIABILITY
## (Defendants St. Louis County, Steve Stenger, Chief Jon Belmar and Boys Scouts of America)

Counts 1-29 are asserted herein as if fully asserted under Count II.

30. At all times relevant, Defendant Parks operated under the authority and sanction of Defendants St. Louis County, Steve Stenger, Chief Jon Belmar and the Boy Scouts of America.

31. Parks was under the direct supervision of the named Defendants when Mr. Parks committed the wrongful acts.

Electronically Filed - St Louis County - April 29, 2019 - 04:18 PM

32. The Defendants had specific and direct control over Defendant Parks actions.

33. Defendants ratified Parks behavior by allowing Parks in the program despite a background that suggest he is prone to illegal conduct.

34. As a result all Defendants are severely and jointly liable for Parks conduct.

WHEREFORE, Plaintiff seeks a judgment in excess of $25,000.00, attorney's fees, cost, fees and whatever else this Court deems just and appropriate.

### COUNT III:   NEGLIGENT HIRING/SUPERVISION/RETENTION
### ( Defendants St. Louis County, Steve Stenger, Chief Jon Belmar, and Boy Scouts of America)

35. Plaintiff incorporates paragraphs 1-34 as if fully asserted herein.

36. Defendants negligently selected, hired, supervised, trained and retained Defendant Parks.

37. Defendants had a legal duty to hire, supervise, train and retain competent employees who do not physically or sexually assault, harass, and abuse of minors causing emotional distress that last a life time.

WHEREFORE, Plaintiff prays this Court for a judgment in excess of $25,000.00, Attorneys fees, cost, fees and whatever else this Court deems just and appropriate.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

38. Plaintiff inserts paragraphs 1-37 herein as if fully asserted here.

39. As described above, Defendant Parks conduct was intentional, extreme, and outrageous. Defendants knew are should have known about the dangerous propensities of Defendant Parks and Parks proclivity to be a predator.

40. Defendants placed Parks in a position of authority and Parks wielded that authority and standing to exploit minor John Doe.

41.     Defendants actions proximately caused severe emotional distress and psychological trauma.

WHEREFORE, Plaintiff prays this Court for a judgment in excess of $25,000.00, attorney fees, cost, fees and whatever else this Court deems just and appropriate.

## COUNT V:  PUNITIVE DAMAGES
### Pursuant to Section 510.265
### (All Defendants)

42.     Paragraphs 1-41 are incorporated as if fully incorporated herein.

43.     Plaintiffs injuries resulted from Defendants' gross negligence, fraud, and/or malice, which entitle Plaintiff to punitive damages per Missouri Law.

WHEREFORE, Plaintiff prays for a judgment in excess of $25,000.00, attorney fees, cost, fees, and whatever else this Court deems just.

Respectively Submitted,

Fields and Associates LLC.

/s/Larry S. Fields
Larry S. Fields
S. 18th Street – Suite 425
St. Louis, Missouri 63101
Telephone:  (314) 241-3535
Facsimile:    (314) 241-3536
Lsf19@msn.com

*Attorney for Plaintiff*

Electronically Filed - St Louis County - April 29, 2019 - 04:18 PM