UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:20-cv-0272-MTS |
| | ) |
| BOY SCOUTS OF AMERICA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This action has been stayed for just shy of six years due to the bankruptcy of Defendant Boy Scouts of America. *In re Boy Scouts of Am.*, 1:20-bk-10343-LSS (Bankr. D. Del. filed Feb. 18, 2020). On January 07, 2026, Defendant Boy Scouts of America filed a jointly signed status update in this action informing the Court that dissenting claimants had filed a petition for a writ of certiorari with the Supreme Court that challenged the Defendant's Chapter 11 reorganization. Doc. [29]. Days later, the Supreme Court denied the petition. *Lujan Claimants v. Boy Scouts of Am.*, No. 25-490, 2026 WL 79599 (U.S. Jan. 12, 2026). This Court then ordered the parties, no later than February 12, 2026, to submit a status update on the matter given the Supreme Court's denial of the petition. Doc. [30]. Only Defendant timely did so.

Defendant maintains that the Supreme Court's denial of certiorari "enjoin[ed] further prosecution of this action and requires that the case be dismissed." Doc. [31] ¶ 15. After the Court's ordered deadline had passed—and without explanation, justification, or even acknowledgement of the tardiness—Plaintiff filed his status update.

*But see* Fed. R. Civ. P. 6(b)(1)(B).  In it, he "move[d]" that the Court "stay further actions until such time as the Plaintiffs [sic] claims have been satisfied by the BSA Administrative Trustee."  Doc. [32] ¶ 20.  *But see* E.D. Mo. L.R. 4.01(A) (governing how to make motions in this Court).  Plaintiff provided no explanation why this case should—or even can—remain open given the finality of the reorganization and the channeling injunction.  *See* 11 U.S.C. § 105(a); *see also In re Pan Am Corp.*, 130 B.R. 409, 415 (S.D.N.Y. 1991) ("In general, a bankruptcy court has the power under § 105(a) to enjoin proceedings that affect property of the estate and channel claims against property of the estate into the bankruptcy forum.").

Because Plaintiff's belated filing fails to sufficiently explain why this case may remain open, the Court will enter herewith an Order of Dismissal, which shall dismiss it without prejudice.

Dated this 13th day of February 2026.

                                        MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE